# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

TODD BELL                      \*
       Petitioner,
       vs.                  \*     CIVIL ACTION NO. RDB-11-178
                                   CRIMINAL NO. RDB-09-0219

UNITED STATES OF AMERICA     \*
       Respondent.
                          \*\*\*

## MEMORANDUM OPINION

On August 2, 2010, Todd Bell ("Bell") entered a guilty plea to two counts of possession and brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)1)(A)(i) & (ii). He was sentenced on October 12, 2010 to a total of 384 months imprisonment in the Bureau of Prisons and a cumulative 5-year term of supervised release. Criminal judgment was entered on October 13, 2010. On October 31, 2010, Bell noted an appeal. The United States Court of Appeals for the Fourth Circuit appointed counsel to represent Bell on November 2, 2010. *See United States v. Bell*, Court of Appeals No. 10-5130 (4th Cir. 2010).

On January 20, 2011, the court received for filing Bell's self-represented 28 U.S.C. § 2255 Motion to Vacate, dated January 17, 2011. *See United States v. Bell*, Criminal No. RDB-09-0219 (D. Md.) at ECF No. 166; *see also Bell v. United States*, Civil Action No. RDB-11-178 (D. Md.). Bell argues that the United States lacked subject-matter jurisdiction over the 18 U.S.C. § 924(c) counts and that he was denied effective assistance of counsel.

Absent extraordinary circumstances, a district court is precluded from considering a § 2255 motion while review of a defendant's criminal case on direct appeal is pending. *See Bowen v. Johnston*, 306 U.S. 19, 26-27 (1939); *United States v. Robinson*, 8 F.3d 398, 405 (7th Cir. 1993); Although this general rule is not a jurisdictional bar, the orderly administration of criminal

law precludes consideration of a § 2255 motion absent extraordinary circumstances. *See Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988).

Bell's appeal remains pending. Therefore, his Motion to Vacate is premature. *See McIver v. United States*, 307 F.3d 1327, 1331 n. 2 (11th Cir. 2002) (noting that "collateral claims should not be entertained while a direct appeal is pending because direct review relief may render moot the issues also raised on collateral review); *Walker v. Connor*, 72 F. Appx. 3 (4th Cir. 2003) (recognizing that § 2255 motion is premature when direct criminal appeal is pending). Bell has not alleged any extraordinary circumstances warranting review of the Motion. Consequently, the Motion to Vacate shall be dismissed without prejudice by separate Order.[1]

Date: JANUARY 25, 2011

RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

---

[1] Bell is free to re-file his 28 U.S.C. § 2255 Motion upon completion of the appeal process. He is forewarned, however, that a one-year statute of limitation apples to a motion filed under 28 U.S.C. § 2255. The limitation period runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been made discoverable through the exercise of due diligence.